UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-	Case No.  8:04-cr-348-T-24 TGW

TERRY SCAGLIONE

_____/

## ORDER

This cause comes before the Court on Defendant Terry Scaglione's Motion to Sever Counts One and Four and to Sever Trial from that of Co-Defendants.  (Doc. No. 167).  The Government opposes the motion.  (Doc. No. 173).

## I.  Background

Defendant Scaglione is named in Count One (RICO conspiracy) and Count Four (conspiracy to commit extortion) in a four-count indictment charging six defendants with involvement in a RICO conspiracy and various Hobbs Act violations.  In the instant motion, Defendant Scaglione requests that the Court sever the separate charges against him and the trial from his co-defendants, pursuant to Federal Rule of Criminal Procedure 8[1] and 14[2].  For the reasons stated below, the Court denies this motion.

---

[1] Federal Rule of Criminal Procedure 8 provides that an indictment: (1)  may charge a defendant in separate counts with two or more offenses if the offenses charged are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan; and (2) may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

[2] Federal Rule of Criminal Procedure 14 provides that if the joinder of offenses or defendants in an indictment for trial appears to prejudice a defendant, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**II.  Sever Co-Defendants**

Defendant Scaglione requests that his trial be severed from the trial of his co-defendants, because the Government intends to introduce evidence that Defendants Trucchio and Alite had a connection to the Gambino Crime Family.  Defendant Scaglione argues that he would be unduly prejudiced by any reference to the Gambino Crime Family.

The Government responds that it intends to show that each of the named conspirators, including Defendant Scaglione, had connections to the Gambino Crime Family.  As such, the Court rejects Defendant Scaglione's argument on this issue.  However, even assuming arguendo that references to the Gambino Crime Family would be inadmissible as to Defendant Scaglione, the Court finds that Defendant Scaglione would be entitled only to a curative instruction, because the Court finds that references to the Gambino Crime Family would not prevent the jury from making a reliable judgment about Defendant Scaglione's guilt or innocence.  See U.S. v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004)(stating that unless there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or would prevent the jury from making a reliable judgment about guilt or innocence, defendants prejudiced by a joint trial are entitled only to curative instructions).

Additionally, Defendant Scaglione argues that he will be unduly prejudiced by evidence of predicate acts in the RICO conspiracy that he did not commit and which he had no knowledge.  As such, Defendant Scaglione argues that the jury will be unable to make a reliable determination of his guilt or innocence, and that he will not receive a fair trial.  The Government responds that there is no reason to assume that the jurors will not be able to compartmentalize the evidence and follow the Court's instructions.  The Court agrees with the Government and rejects Defendant Scaglione's argument on this issue.

**III.  Sever Counts**

Defendant Scaglione requests that the Court sever Count Four, conspiracy to commit extortion, from the indictment and trial of Count One, RICO conspiracy.  Defendant Scaglione

argues that the extortion count is not properly joined under Federal Rule of Criminal Procedure 8(a), because it does not appear to be an act associated with the RICO conspiracy count. The Government responds that the proof at trial will establish that the extortion count is related to and part of the overall RICO conspiracy, and that both counts will involve the same presentation of evidence to the jury. As such, the Government argues that Counts One and Four are properly joined under Rule 8(a).

The Court agrees with the Government on this issue. Upon review of the indictment, the Court finds that the extortion count and the RICO conspiracy count are connected with or constitute parts of a common scheme or plan. As such, the Court finds that Counts One and Four are properly joined under Rule 8(a).

Next, Defendant Scaglione argues that even if the extortion count is part of the same scheme or plan as the RICO conspiracy count, inclusion of the extortion count in the indictment and trial of the RICO conspiracy count will cause him to be unduly prejudiced. Specifically, Defendant Scaglione argues that the jury will be confused and unable to separate the individual charges. The Court rejects this argument and finds that Defendant Scaglione has not shown that he will be prejudiced by the joinder. Furthermore, the Court finds that any such prejudice can be alleviated through curative instructions to the jury. Therefore, the Court denies Defendant Scaglione's motion on this issue.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Terry Scaglione's Motion to Sever Counts One and Four and to Sever Trial from that of Co-Defendants (Doc. No. 167) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of May, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record