UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-vs-                                                                                         Case No.  8:04-cr-348-T-24 TGW

TERRY L. SCAGLIONE

_____/

### ORDER

This cause comes before the Court on Defendant Scaglione's Opposition to Government's Notice of Intent to Offer Expert Testimony, which this Court construes as a motion to exclude testimony.  (Doc. No. 189).  The Government opposes this motion.  (Doc. No. 396).

### I.  Background

Defendant Scaglione is named in Count One (RICO conspiracy) and Count Four (conspiracy to commit extortion) in a four-count indictment charging six defendants with involvement in a RICO conspiracy and various Hobbs Act violations.  (Doc. No. 231).  The indictment alleges that: (1) co-Defendant Trucchio was a "soldier" in the Gambino Crime Family who was later elevated to "capo;" (2) Defendant Scaglione was a member Trucchio's crew; and (3) the crew, which operated under the influence and control of the Gambino Crime Family, constituted a RICO enterprise.

### II.  Motion to Exclude Testimony

In this motion, Defendant Scaglione argues that the Court should exclude the testimony of Special Agent George Gabriel at trial.  Gabriel will be offered as an expert on organized crime and La Cosa Nostra and, specifically, on the structure, nature, and membership of the Gambino

Crime Family. Defendant Scaglione argues that Gabriel's testimony should be excluded, because (1) his testimony will not assist the trier of fact to understand the evidence or to determine the facts at issue; (2) his testimony does not meet the three reliability requirements for the admissibility of expert testimony under Federal Rule of Evidence 702; (3) his testimony should be excluded under Federal Rule of Evidence 401 because it is irrelevant and based on inadmissible hearsay; and (4) his testimony should be excluded under Federal Rule of Evidence 403 because its probative value is outweighed by the prejudicial effect that it will have on the trier of fact. The Court rejects these arguments.

The Court finds that Gabriel's expert testimony meets the requirements for admissibility under Rule 702[1], and it will assist the trier of fact. See U.S. v. Van Dorn, 925 F.2d 1331, 1338-39 (11th Cir. 1991)(affirming the district court's decision to allow an expert to testify about the hierarchy of the Gambino Crime Family and to explain the role of each position in that hierarchy). Gabriel's testimony is relevant, since it is the Government's contention that all of the defendants are alleged to have connections to the Gambino Crime Family. While the source of Gabriel's information includes other case agents, cooperating witnesses, and confidential informants, such does not mandate the exclusion of his testimony, since his purported testimony does not include testimonial hearsay.[2] Furthermore, the probative value of Gabriel's testimony

---

[1] The Court notes that the Government contends that Gabriel's testimony will be similar to the testimony he gave in a Southern District of Florida case in which he was admitted as an expert to testify regarding the structure, nature, and membership of the Gambino Crime Family.

[2] The Government has submitted a transcript of Gabriel's testimony regarding the structure, nature, and membership of the Gambino Crime Family in the Southern District of Florida case, and the Government states that it anticipates that Gabriel's testimony in the instant case will be substantially similar to the testimony given in the Southern

will not be outweighed by the potential prejudicial effect it will have on the jury as long as evidence is introduced that allows a finding that Defendant Scaglione was affiliated with the Gambino Crime Family.  See id. at 1339.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Scaglione's motion to exclude testimony (Doc. No. 189) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of May, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

---

District of Florida case.   (Doc. No. 375, Attachments 1A, 1B)